IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SHARON KIMBRELL ASHLEY,<br>individually and as the Next of Kin to<br>JIMMY KIMBRELL, deceased,<br><br>    Plaintiff,<br><br>VS.<br><br>THE STATE OF TENNESSEE, d/b/a<br>NORTHWEST CORRECTIONAL<br>CENTER and d/b/a NORTHWEST<br>CORRECTIONAL CENTER MEDICAL<br>CLINIC, and JOHN DOE, in his official<br>capacity as an employee/agent/servant of<br>Northwest Correctional Center,<br><br>    Defendants. | No. 1-05-1006-T-An |

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Sharon Kimbrell Ashley, individually and as the Next of Kin to Jimmy Kimbrell, deceased, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Northwest Correctional Center ("NWCX"); Northwest Correctional Center Medical Clinic; and unnamed John Does one through five, in their capacities as employees, agents, and servants of Northwest Correctional Center. Plaintiff alleges that Defendants failed to treat decedent, an inmate at NWCX, after he complained of pain and, as a result, are liable for his wrongful death, damages, and personal injuries sustained. Plaintiff files this motion for

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _6/8/2005_



default judgment, arguing that default is proper because Defendants have failed to respond to the complaint served on March 11, 2005. Because Plaintiff has failed to obtain the entry of default by the Clerk of the Court, however, the motion is DENIED.

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the Court itself. Entry of a technical default under section (a) is different from, and must precede, entry of a default judgment under section (b). See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 474 U.S. 995 (1985); Atlanta Gas Light Co. v. Semaphore Adver., Inc., 747 F. Supp. 715, 718 (S.D. Ga. 1990). Entry of a technical default by the Clerk is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted. Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); United States v. 8771 Lake Road, 818 F. Supp. 199, 201 (W.D. Mich. 1992) (default encompasses two steps: first, entry of default and then a subsequent default judgment); Piercey v. Miami Valley Ready-Mixed Pension Plan, 110 F.R.D. 294, 296-97 (S.D. Ohio 1986).

In order to obtain the entry of default under Rule 55(a), an application seeking entry of default should be filed with the Clerk, along with an affidavit or other competent proof of the defendant's failure to plead or otherwise defend the action. The Clerk will examine

the application and, if the requirements of Rule 55(a) are met, certify that the defendant is in default. Then the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default.

Since Plaintiff has not obtained the entry of default by the Clerk, the motion for a default judgment is premature. Consequently, the motion for default judgment is DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_7 June 2005_
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01006 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

Sharon Kimbrell Ashley
,

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT