IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SHARON KIMBRELL ASHLEY, individually and as the Next of Kin to JIMMY KIMBRELL, deceased,<br><br>Plaintiff,<br><br>VS.<br><br>THE STATE OF TENNESSEE, d/b/a NORTHWEST CORRECTIONAL CENTER and d/b/a NORTHWEST CORRECTIONAL CENTER MEDICAL CLINIC, and JOHN DOE, in his official capacity as an employee/agent/servant of Northwest Correctional Center,<br><br>Defendants. | No. 1-05-1006-T-An |

ORDER GRANTING DEFENDANT STATE OF TENNESSEE'S MOTION TO DISMISS

Plaintiff Sharon Kimbrell Ashley, individually and as the Next of Kin to Jimmy Kimbrell, deceased, brought this action pursuant to 42 U.S.C. § 1983 against Defendants, the State of Tennnessee; Northwest Correctional Center ("NWCX"); Northwest Correctional Center Medical Clinic; and unnamed John Does one through five, in their capacities as employees, agents, and servants of Northwest Correctional Center. Plaintiff alleges that Defendants failed to treat decedent, an inmate at NWCX, after he complained of pain and, as a result, are liable for his wrongful death, damages, and personal injuries sustained. The

State of Tennessee files this motion to dismiss on the grounds that: 1) it is well-established that the Tennessee Governmental Tort Liability Act ("TGTLA") does not apply to the state or its employees; 2) the Eleventh Amendment bars this action against the Tennessee Department of Correction ("TDOC") because it is a state agency; and 3) the Tennessee Claims Commission retains exclusive jurisdiction over any statutory exceptions to the doctrine of sovereign immunity. Plaintiff responds and concedes that the Tennessee Claims Commission has exclusive jurisdiction over her claim.

It is a well-settled principle of law that the "'[t]he State of Tennesse, as a sovereign, is immune from suit except as it consents to be sued.'" Stewart v. State, 33 S.W.3d 785, 790 (Tenn. 2000) (quoting Brewington v. Brewington, 387 S.W.2d 777, 779 (Tenn. 1965)). Tennessee courts have frequently recognized that the Tennessee Constitution modified this rule of absolute sovereign immunity by providing that "[s]uits may be brought against the State in such a manner and in such courts as the Legislature may by law direct." TENN. CONST. art. I, §§ 17; Stewart, 33 S.W.3d at 790.

"Pursuant to its constitutional power to provide for suits against the state, the legislature created the Tennessee Claims Commission in 1984 to hear and adjudicate certain monetary claims against the State of Tennessee." Stewart, 33 S.W.3d at 790; see also TENN. CODE ANN. §§ 9-8-301 to -307 (1999). This jurisdiction is limited only to those claims specified in TENN. CODE ANN. § 9-8-307(a). Stewart, 33 S.W.3d at 790. Tennessee Code Annotated § 9-8-307(a)(1)(N) gives the Commission authority to hear claims arising from negligent deprivation of statutory or constitutional rights. See Bryson v. State, 793 S.W.2d

252, 255 (Tenn. 1990) (finding that a prisoner's claim of deprivation of medical care by the TDOC was a statutory right pursuant to TENN. CODE ANN. § 9-8-301(a)(1)(N)). Further, TENN. CODE ANN. § 9-8-307(a)(1)(E) gives the Commission authority to hear claims resulting from the State's "[n]egligent care, custody, and control of persons."

Because Plaintiff concedes that the Tennessee Claims Commission has exclusive jurisdiction over her claim, Defendant State of Tennessee's motion to dismiss is GRANTED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 1:05-CV-01006 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT