# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SHARON KIMBRELL ASHLEY, Individually and as the Next of Kin to JIMMY KIMBRELL, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) No. 05-1006-T/An ) |
| THE STATE OF TENNESSEE d/b/a NORTHWEST CORRECTIONAL CENTER and d/b/a NORTHWEST CORRECTIONAL CENTER MEDICAL CLINIC, and JOHN DOE, in his official capacity as an Employee/Agent/Servant of Northwest Correctional Center, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING JOHN DOE DEFENDANTS

Plaintiff Sharon Kimbrell Ashley, individually and as the Next of Kin of the decedent, Jimmy Kimbrell, filed this action on January 10, 2005 against the State of Tennessee d/b/a Northwest Correctional Center and d/b/a Northwest Correctional Center Medical Clinic. The complaint also named "John Doe 1-5" as defendants who "are Employees/Agents/Servants" of Northwest Correctional Center. (Compl. ¶ 4.)[1] Plaintiff asserted constitutional claims pursuant to 42 U.S.C. § 1983 and negligence claims under Tennessee law. The State of Tennessee filed a motion to dismiss on June 1, 2005.

---

[1] While paragraph four of the complaint names five John Doe defendants, the caption of the complaint lists only one.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _____

In the State's motion to dismiss, it argued that plaintiff's § 1983 claims were barred by the Eleventh Amendment and that the Tennessee Claims Commission has exclusive jurisdiction over the state law negligence claims. The plaintiff subsequently filed a response conceding that exclusive jurisdiction over this case lies in the Tennessee Claims Commission. Accordingly, on July 8, 2005, the Court issued an order granting the motion to dismiss.

The status of the John Doe defendants was not directly addressed in the State's motion to dismiss. The only reference to individual state employees was in a footnote: "State employees acting within the scope of their employment are entitled to absolute immunity. Tenn. Code Ann. § 9-8-307(h)." (Mem. in Supp. of Mot. to Dism., at 6 n.2.) However, as the plaintiff has conceded that exclusive jurisdiction over this action lies in the Tennessee Claims Commission, and as the individual defendants have been neither identified nor served with process, the claims against the John Doe defendants must also be dismissed.

Accordingly, all claims against defendants John Doe 1-5 are hereby DISMISSED. The Clerk of Court is directed to prepare a judgment in accordance with this order and the order of July 8, 2005.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

20 July 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01006 was distributed by fax, mail, or direct printing on July 22, 2005 to the parties listed.

---

Danese K. Banks
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable James Todd
US DISTRICT COURT